## STATE OF FLORIDA v ASHMORE

### Case No. 87-099AC10 (County Court Case No. 87-59283TT20)

Seventeenth Judicial Circuit, Broward County

September 25, 1989

**APPEARANCES OF COUNSEL**

**James P. McLane,** Assistant State Attorney, for appellant.

**Bruce Lakam,** for appellee.

### OPINION OF THE COURT

ROBERT W. TYSON, JR., Circuit Judge.

IN THE trial court, the Appellee was charged with violating Fla. Stat. § 322.34; driving with a suspended or revoked license. The Appellee filed a motion to dismiss arguing that there was lack of jurisdiction over the defendant because of improper process in that the arresting officer used a uniform traffic citation. The trial court granted the motion, which is the subject of this appeal.

At the trial court level, the State argued that a uniform traffic

citation is the proper process used when a criminal traffic offense is committed pursuant to Fla. Rules of Traffic Court 6.165. The trial court held that the offense was a misdemeanor and not a criminal traffic offense and therefore process had to be either by notice to appear or information. This Court disagrees and finds that, the alternative process of uniform traffic citation is legally permissible.

Florida Statute § 322.34 provides "Any person whose . . . drivers privilege has been . . . suspended or revoked . . . and *who drives any motor vehicle upon highways of this state (emphasis added)*. . . ." The Rules of Traffic Court 6.040 provides that "a criminal traffic offense means a violation of a statute or ordinance governing traffic . . ." which includes an array of misdemeanors contained in the Florida Statute. Rule 6.040 does not change Fla. Stat. § 322.34's status as a misdemeanor, it merely adds a dimension to this offense categorizing it also as criminal traffic offense.

Both criminal traffic offenders and infraction offenders may be served with process of uniform traffic citation. See, Fla. R. Traff. Ct. 6.330 and 6.165. Misdemeanors, also categorized as criminal traffic offenses may be served with process of a uniform traffic citation. Unless so categorized then all misdemeanants must be served with process of a notice to appear or information. See, Fla. R. Traff. Ct. 3.125.

However, there is nothing contained in Florida Chapters 316 or 316, including section 316.635(3), that would lead a reasonable man to construe section 322.34 as being only a misdemeanor and not also a criminal traffic offense as specifically defined in rule 6.040.

Furthermore, nothing in chapters 316, including 316.635(3), and 318 or any other statute or rule specifically or reasonably *excludes* 322.34 from being a criminal traffic offense. A reasonable construction of Fla. Stat. § 322.34 and Fla. R. Traff. Ct. 6.040 necessarily results in it being placed in the category of both a misdemeanor and a criminal traffic offense.

Based on the foregoing, the trial court's order dismissing the charges is hereby reversed. The case is to be returned to the trial court level for any further proceedings.

ORDERED AND ADJUDGED that the Order dismissing the charges is REVERSED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 25th day of September, 1989.